PER CURIAM.
State Farm Mutual Automobile Insurance Company [“State Farm”] petitions for a writ of certiorari to review an order of the trial court limiting the testimony of its forensic accounting expert, Robert Morrison [“Morrison”].
This petition arises out of a June 2010 car crash between plaintiff, Dr. Billie Jean Pace [“Pace”], and defendant, Todd Sham-laty, in Casselberry. Pace claimed that the defendant negligently drove his car so that it rear-ended her car and caused her injury. In her suit, Pace claimed that she:
suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.
Pace is a medical doctor practicing in Altamonte Springs, Florida, under the group name of Altamonte Women’s Center [“AWC”]. Her practice is organized as a corporation in which she and one other physician are essentially partners. Pace’s primary damages claims below are claims for lost income and loss of ability to earn income. Pace testified in her deposition that since her accident, she is unable to do more than two procedures a day, unless it is an emergency. The naive reader might assume that a damage claim so specific arising in the context of a small medical practice operating as a corporation would be simplicity itself to document and to calculate and for the defense to discover and critique. But that conclusion would be wrong. What should have been simple has become a protracted and pointless[1] discovery nightmare. The problems run the gamut from misidentified witnesses, redacted documents, scheduling disputes, corporate representatives with little or no knowledge of the relevant facts and documents, through incomplete and delayed disclosure of relevant documents.
On October 10, 2012, the trial court held a hearing on several outstanding motions. At that hearing, the trial court ordered that the deposition of the person at AWC with the most knowledge about the documents referenced in the report of Freder *184 ick Raffa [“Raffa”], Pace’s expert, must take place before Raffa’s deposition. The judge also ordered that the designated person must produce all of the documents requested by State Farm.
THE COURT: What I’m saying is items that exist need to be produced and simply because she handed them to her accountant or put them in her neighbor’s garage doesn’t mean she can’t produce them. They need to be produced. She has access and control over them and they’re readily available to her, then she can produce them.
Defense counsel confirmed:
I just want to make sure I’ve got Your Honor’s ruling correct. We’re entitled to the documents. We’re entitled to a deposition with the person with the most knowledge. We’re entitled to that deposition before Raffa. We’re entitled to that deposition before Mr. Febo.
THE COURT: That’s correct.
State Farm received Pace’s witness list and evidence schedule related to the upcoming trial on October 2, 2012. That witness list identified Mr. Febo as Pace’s accountant. However, when State Farm deposed Mr. Febo on October 11, he disclosed that he is not Pace’s personal accountant, but rather is the accountant for AWC and a related business entity.
On October 12, 2012, State Farm’s counsel received two disks from Mr. Febo containing about 1,400 pages of documents. Pace also produced AWC’s files. However, State Farm claimed that those Quick-Books files were password protected and could not be accessed.
On October 18, 2012, State Farm received Pace’s amended witness list and evidence schedule related to the upcoming trial of this case. That witness list again identified Mr. Febo as Pace’s accountant.
On October 19, 2012, State Farm’s counsel sent a letter to Pace’s counsel, advising him that their forensic expert, Morrison, did not yet have any opinions because Pace had not produced the documentation he needed to form those opinions.
On October 22, 2012, Pace’s counsel deposed Morrison. However, Morrison had formed no opinion because he still did not have complete copies of Pace’s personal tax returns or any of the requested documents from AWC, including evidence of the number of surgical procedures performed by Pace.
On October 23, 2012, State Farm again took the deposition of the person at AWC with the most knowledge about the documents referenced in Raffa’s expert report. Again Pace provided Maureen Henson [“Henson”] — the same person who previously had no knowledge about the designated areas of inquiry — as the person with the most knowledge. She produced no documents, relying on documents produced by accountant Febo on October 12, 2012.
During the course of the discussion about the produced disks, Henson disclosed that AWC maintains surgery notebooks that detail all of the procedures performed by both doctors employed by AWC. Henson identified these “surgery notebooks,” as containing the patient, procedure, insurance, and payment information for the surgeries performed by Pace at the hospital or the surgery center. However, the supporting documentation regarding the lost income claim summaries, including specifically the “surgery notebooks,” were not included.
On October 29, 2012, Pace served her second amended witness list and evidence schedule. That witness list identified Duerr as Pace’s personal accountant. On November 2, 2012, Raffa issued his amended expert report.
*185 On November 8, 2012, State Farm deposed the person at Florida Hospital with the most knowledge about the number of procedures that Pace had performed there for the time period relevant to this case. On the same day, State Farm deposed Duerr, Pace’s personal accountant. State Farm claims that, as of the date of those depositions, it, for the first time, had available some of the documents that its forensic expert, Morrison, needed to formulate his opinions in response to Raffa’s now amended expert report.
Four days later, on November 12, 2012, Pace filed a motion to strike Morrison because he had no opinions as of the date of his October 22, 2012, deposition. On November 14, 2012, State Farm filed its response to the motion to strike, in which it explained that Morrison had no opinions as of the date of his scheduled deposition because Pace and AWC had refused to produce the information needed to analyze Pace’s wage claims, and, thereby, formulate his opinions and rebut the opinions of Raffa. On November 26, 2012, the trial court ruled on Pace’s motion to strike, ruling that Morrison’s testimony at trial would be limited to the testimony provided in his October 22, 2012, deposition. State Farm contends in its petition that this ruling has the practical effect of striking its only witness retained to rebut Raffa’s opinions regarding Pace’s claims for lost income and loss of ability to earn income— and this will cause it irreparable harm irremediable on appeal.
On the face of it, given all the foregoing, the trial court’s limitation on the testimony of Morrison is surprising. However, even if we were confident that the trial court had erred by limiting the testimony of Morrison, we conclude that we lack certio-rari jurisdiction. We recently reaffirmed in Bill Kasper Construction v. Morrison, 98 So.3d 1061 (Fla. 5th DCA 2012), that an interlocutory order of the trial court striking an expert witness is not amenable to certiorari review because it is the sort of trial error that usually does not cause irreparable harm, and can be remedied on appeal.
State Farm contends that Kasper is not controlling here because, unlike in Kasper, where the aggrieved party could proffer the stricken testimony, in this case, State Farm may not do this because it has not been given the discovery it requires for Morrison to formulate an opinion for State Farm to proffer. We disagree. If, on direct appeal, this Court concludes that the trial court erred in prohibiting Morrison from testifying about any opinions formulated after October 22, the harm is evident, with or without a proffer, and State Farm will be entitled to a remedy, unless Pace can show the error was harmless. Kasper, 93 So.3d at 1064 (Torpy, J., concurring). What’s more, this case is similar to Kasper in that State Farm finally obtained significant discovery necessary for Morrison to formulate an opinion after October 22, and there is no reason to expect that State Farm will not eventually receive, through discovery, whatever facts are relevant to Pace’s loss of income claim. This should allow a more than adequate proffer. Even if the trial court does not alter its interlocutory ruling and Morrison is not allowed to testify to any opinions formed after October 22, State Farm can show what Morrison’s opinion would have been had he been allowed to testify.
PETITION for WRIT of CERTIORARI DENIED.
GRIFFIN, SAWAYA and EVANDER, JJ., concur.

. Maybe not so pointless, given the order at issue.